USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/11/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANTON KING,

                Petitioner,

    -v-

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------------X

DECISION AND ORDER

16 Cv 4859 (RMB)
11 Cr 182 (RMB)

## I. Background

On August 22, 2011, Anton King ("Petitioner" or "King") pled guilty to "using, carrying, and possessing a firearm . . . which was discharged during and in relation to the narcotics conspiracy charged in Count One of the Indictment", in violation of 18 U.S.C. §924(c)(1)(A)(iii). See Transcript ("Tr."), dated Aug. 22, 2011 and Plea Agreement dated August 18, 2011 ("Plea Agreement") at 1. The guilty plea was accepted by this Court by Order, dated September 28, 2011. On December 6, 2011, King, whose sentencing guidelines range was 120 months, was sentenced to 120 months of imprisonment followed by a term of five (5) years of supervised release. (See Judgment and Commitment Order, dated Dec. 6, 2011, at 2-3.)

On February 14, 2013, King, proceeding pro se, filed a motion in this Court in which he argued that his guilty plea was constitutionally invalid in that he "had no knowledge or was informed of the consequences of the guilty plea." (Feb. 14, 2013 Motion at 4.) By Order, dated August 22, 2013, the Court denied the motion. See Order dated Aug. 22, 2013 at 7 [#25] Docket 11 cr 182, ("In accepting King's guilty plea, this Court also found and determined that the defendant entered the guilty plea knowingly and voluntarily and that there was a factual basis for the guilty plea . . . The Court confirmed with King and his counsel that Mr. King and counsel

1

underst[ood] that in this case the maximum under the statute is life imprisonment and the mandatory minimum is ten years."). King appealed. The Second Circuit Court of Appeals appointed CJA counsel Steven Yurowitz, to represent him on appeal. By Mandate issued November 14, 2014, the Second Circuit Court of Appeals, granted CJA Appellate counsel Yurowitz's *Anders* motion to withdraw as counsel and also granted the Government's application for summary affirmance, dated August 4, 2014. See Mandate issued November 14, 2014 ("Steven Yurowitz, counsel for Appellant, moves for permission to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967), and the Government moves for dismissal or summary affirmance. Upon due consideration, it is hereby ORDERED that the *Anders* motion is GRANTED. It is further ORDERED that the Government's motion for summary affirmance is GRANTED.").

By Petition, dated June 7, 2016, King, proceeding pro se, has again sought in this Court to vacate his conviction, pursuant to 28 U.S.C. § 2255 ("2255 Petition"). Petitioner argues that his "conviction is inconsistent with the due process of law in light of Johnson v. United States, 135 S.Ct. 2551" (2015). (Petition at 5.)

On July 27, 2016, the Government opposed King's application ("Govt Opp'n"), persuasively arguing that King waived his right to collaterally attack his sentence in his plea agreement, dated August 18, 2011. In his Plea Agreement, King agreed, among other things, "not to file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241; nor seek a sentence modification pursuant to Title 18, United States Code, Section 3582(c), of any sentence at or below the Stipulated Guidelines Sentence of 120 months' imprisonment." (Plea Agreement at 3.). The Government also argues that "the holding of *Johnson* has no relevance to [King's]

2

offense of conviction," (Govt Opp'n at 1.), stating "This is not a residual clause case, nor is it even a case about a 'crime of violence.' King was convicted of using or carrying a firearm in relation to a drug trafficking crime, upon which *Johnson*, is completely silent and the definition of which contains no possible ambiguity." (Govt Opp'n at 8.) See Johnson, 135 S. Ct. at 2563 (explaining that Johnson's holding relates to the residual clause of the Armed Career Criminal Act's definition of "violent felony".

By letter, dated August 11, 2016, Barry D. Leiwant, Esq., Assistant Federal Defender, appointed by this Court as counsel for King on this Petition, wrote to the Court and stated that "we do not disagree with the Government's conclusion that since there is no residual clause in the statute's definition of 'drug trafficking crime' . . . a Johnson claim is not available here." (Leiwant Letter at 3.)

**For the reasons set forth below, King's Petition is respectfully denied.[1]**

## II. Legal Standard

Collateral relief under 28 U.S.C. § 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

"Johnson does not call into question [18 U.S.C. 924(c)]'s unambiguous definition of 'drug trafficking crime'." United States v. Parnell, 652 Fed.Appx. 117, 122. (3rd Cir. 2016).

---

[1] Any arguments raised by the parties but not specifically addressed herein have been considered and rejected by the Court.

3

The submissions of a *pro se* litigant are to be construed liberally and interpreted to raise the strongest arguments that they suggest. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam).

### III. Analysis

Petitioner pled guilty pursuant to the Plea Agreement, dated August 18, 2011. As stated in the Plea Agreement, the Government agreed to accept a guilty plea from King to Count Two of the Indictment which charged King with "using, carrying, and possessing a firearm . . . which was discharged during and in relation to the narcotics conspiracy charged in Count One of the Indictment", in violation of 18 U.S.C. §924(c)(1)(A)(iii). (Plea Agreement at 1.) King agreed in the Plea Agreement as follows: "It is agreed that (i) the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or 2241; nor seek a sentence modification pursuant to Title 18, United States Code, Section 3582(c) of any sentence at or below the Stipulated Guidelines Sentence of 120 months' imprisonment." (Plea Agreement at 3.) As King was sentenced to a term of 120 months' imprisonment, he waived his right to appeal or collaterally challenge his sentence. See Plea Agreement at 3.

Apart from any applicable waiver by King, his Petition fails because Johnson does not apply in this case as King's conviction was for "using, carrying, and possessing a firearm . . . which was discharged during and in relation to the narcotics conspiracy charged in Count One of the Indictment." (Plea Agreement at 1.) See United States v. Hare, 820 F.3d 93, 106 (4th Cir. 2016) (§ 924(c) conviction upheld because "even assuming that a Hobbs Act robbery is not a crime of violence, Appellants' verdicts may be sustained because the jury found Appellants guilty of possessing, and conspiring to possess, a firearm in furtherance of the drug trafficking

4

crime."); United States v. Raghoonanan, 2018 WL 1083500, *2 (D. Vermont, Feb. 26, 2018) ("In considering the applicability of *Johnson* to Defendant's conviction, the Magistrate Judge accurately found that Defendant's conviction under § 924(c) did not rely on a predicate crime of violence. Defendant was convicted of possessing a firearm in furtherance of a drug trafficking crime, as opposed to in furtherance of a crime of violence. Accordingly, *Johnson* is inapplicable."); and McCoy v. United States, 2017 WL 1291766, *2 (S.D.N.Y. Apr. 7, 2017) ("[T]he ruling in Johnson does not extend to § 924(c)'s definition of a 'drug trafficking crime.'"). Johnson has no application to King's conviction for possessing a firearm in furtherance of a drug trafficking crime under 18 USC § 924(c). See Clark v. United States, 2018 WL 797442, *1 (S.D. Ga. Feb. 8, 2018), Report and Recommendation adopted by the District Court, 2018 WL 1567353 (S.D.Ga., Mar. 30, 2018).

## IV. Certificate of Appealability

The Court declines to grant Petitioner a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

## V. Conclusion

For the reasons stated herein, the Petition [#1 in 16 Cv 4859 and #29 in 11 Cr 182] is denied. The Clerk of the Court is respectfully requested to close these cases.

Dated: New York, New York
July 11, 2018

*RMB*

**RICHARD M. BERMAN, U.S.D.J.**